IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Douglas Pennoyer, Jr. : | |
| : | |
| vs. : | CIVIL ACTION NO. 03-5060 |
| : | |
| Marriott Hotel Services, Inc. t/a and d/b/a Philadelphia Marriott Hotel; Marriott International, Inc.; Philadelphia Market Street Hotel Corp.; Philadelphia Market Street HMC Hotel Limited Partnership; Philadelphia Market Street Marriott Hotel LP; New Market Street, LP; HMC Market Street, LLC; Philadelphia Market Street Hotel II, L.P.; Market Street Host, LLC; and Market Street Marriott, LLC : | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Marriott Hotel Services, Philadelphia Marriott Hotel, Marriott International, Inc., Philadelphia Market Street Hotel, Corp., Philadelphia Market Street  HMC Hotel Limited Partnership, Philadelphia Market Street Marriott Hotel LP, New Market Street, LP, HMC Market Street, LLC, Philadelphia Market Street Hotel II, LP, Market Street Host, LLC and Market Street Marriott (hereinafter "Marriott Defendants"), by their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, answer plaintiff's Complaint as follows:

1.	Admitted to the best of answering defendants' knowledge.

2.	Admitted in part, denied in part.  It is admitted only that Marriott Hotel Services, Inc. is a corporation and that it manages the Philadelphia Marriott.  It is denied that Marriott Hotel Services, Inc. is a corporation duly organized and registered in the Commonwealth of Pennsylvania.

3.	Denied as stated.  It is denied that Marriott International, Inc. is a corporation duly organized and registered in the Commonwealth of Pennsylvania.  It is further denied that Marriott International, Inc. has its principle place of business in the City of Philadelphia at 1201 Market Street.  It is admitted, however, that Marriott International, Inc. regularly conducts business in the city of Philadelphia, Pennsylvania.  It is also

admitted that Marriott International, Inc. manages the hotel in question.  The remaining allegations of this paragraph are specifically denied and strict proof is demanded thereof.

  4. Denied as stated.  It is denied that Philadelphia Market Street Hotel Corporation is a corporation duly organized and registered in the Commonwealth of Pennsylvania.  It is also denied that Philadelphia Market Street Hotel Corporation maintains, manages or controls the Philadelphia Marriott Hotel or the Philadelphia Downtown Marriott.  While the Philadelphia Market Street Hotel Corporation does own a percentage of the Philadelphia Market Street HMC Hotel Limited Partnership, it is not responsible for the day to day operations or management of the Philadelphia Marriott.

  5. Admitted in part, denied in part.  It is denied that Philadelphia Market Street HMC Hotel Limited Partnership is a corporation duly organized and registered in the Commonwealth of Pennsylvania. It is admitted only that Philadelphia Market Street HMC Hotel Limited Partnership is the owner of the Philadelphia Marriott Hotel.  The remaining allegations of this paragraph are specifically denied and strict proof is demanded thereof.

  6. It is denied that Philadelphia Market Street Marriott Hotel Limited Partnership is a corporation duly organized and registered in the Commonwealth of Pennsylvania.  It is further denied that this entity is the current owner of the Philadelphia Marriott.  The remaining allegations of this paragraph are specifically denied and strict proof is demanded thereof.

  7. Denied as stated.  It is denied that New Market Street Limited Partnership is a corporation duly organized and registered in the Commonwealth of Pennsylvania.  It is further denied that New Market Street Limited Partnership has its principle place of business in the City of Philadelphia at 1201 Market Street.  It is admitted only that New Market Street Limited Partnership has an ownership interest in the LLC.  The remaining allegations of this paragraph are specifically denied and strict proof is demanded thereof.

8. Denied as stated. It is denied that HMC Market Street LLC is a corporation duly organized and registered in the Commonwealth of Pennsylvania. The remaining allegations of this paragraph are specifically denied and strict proof is demanded thereof.

9. Denied. It is denied that Philadelphia Market Street Hotel II Limited Partnership is a corporation duly organized and registered in the Commonwealth of Pennsylvania. It is further denied that Philadelphia Market Street Hotel II Limited Partnership has its principle place of business in the City of Philadelphia at 1201 Market Street. Philadelphia Market Street Hotel II Limited Partnership did not exist as a business entity at any time relevant to plaintiff's Complaint. The remaining allegations of this paragraph are specifically denied and strict proof is demanded thereof.

10. It is denied that Market Street Host LLC is a corporation duly organized and registered in the Commonwealth of Pennsylvania. It is further denied that Market Street Host LLC has its principle place of business in the City of Philadelphia at 1201 Market Street at any time relevant to plaintiff's Complaint.

11. It is denied that Market Street Marriott, LLC is a corporation duly organized and registered in the Commonwealth of Pennsylvania. It is further denied that Market Street Marriott, LLC has its principle place of business in the City of Philadelphia at 1201 Market Street at any time relevant to plaintiff's Complaint.

12. Denied. It is specifically denied that the Philadelphia Marriott Hotel was owned, operated, possessed, controlled, maintained and managed, jointly and severally, by all Marriott defendants. Further, "Philadelphia Marriott Hotel" is a fictitious name used on occasion by the Hotel at 12th and Market Streets in Philadelphia, Pennsylvania. The remaining allegations of this paragraph are specifically denied and strict proof is demanded thereof.

13. Denied. The allegations of this paragraph are specifically denied and strict proof is demanded thereof. Further, this paragraph contains conclusions of law to which no response is required.

14. Denied. The allegations of this paragraph are specifically denied and strict proof is demanded thereof. Further, this paragraph contains conclusions of law to which no response is required.

15. Denied as stated. It is specifically denied that the Marriott defendants permitted the American Guild of Organists to use the entire hotel and convention premises at the Philadelphia Marriott for the national convention from and after July 1, 2002. By way of further answer, Marriott defendants entered into an agreement with the American Guild of Organists, whereby the American Guild of Organists was permitted to use limited areas of the premises for their national convention, from July 2, 2000 to July 5, 2002, and for set-up and take-down on July 1, 2002 and July 6, 2002, respectively.

16. Admitted.

17. Denied. It is specifically denied that Marriott defendants, at any time relevant to plaintiff's Complaint, permitted unrestricted access to individuals to circulate about the registration, hospitality, meeting and exhibition areas of the convention. By way of further answer, at the time of the events giving rise to plaintiff's Complaint, access to the convention area was restricted and was closed to the public. In fact, the convention was not scheduled to open until the following day, July 2, 2002.

18. Denied. It is specifically denied that the convention was open to the public at any time relevant to plaintiff's Complaint. By way of further answer, at the time of the events giving rise to plaintiff's Complaint, access to the convention area was restricted and was closed to the public. In fact, the convention was not scheduled to open until the following day, July 2, 2002.

19. Denied at stated. It is specifically denied that plaintiff Douglass Pennoyer, Jr. was permitted to enter the area at issue in this litigation at any time relevant to plaintiff's Complaint. Additionally, this paragraph contains conclusions of law and no response is required.

20. After reasonable investigation, Marriott defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20 of plaintiff's Complaint and therefore, can neither admit nor deny the same.

21. After reasonable investigation, Marriott defendants are without knowledge or information sufficient to form a belief as to the truth of whether plaintiff purchased a Convention Program on or about July 1, 2002 and therefore, can neither admit nor deny the same.
Further, with respect to the remaining allegations of paragraph 21, it is specifically denied that, on or about July 1, 2002, the exhibition area was open and that plaintiff was welcome to enter and visit the various exhibitors' booths. In fact, the convention was not scheduled to open until the following day, July 2, 2002.

22. Denied. It is specifically denied that the access to the exhibition area was unrestricted at the time of the events that give rise to plaintiff's Complaint. By way of further answer, the exhibition area was closed to the public at the time of the events that give rise to plaintiff's Complaint, and the exhibition was not scheduled to begin until the following day, July 2, 2002.

23. Denied. It is specifically denied that, at any time relevant to plaintiff's Complaint, exhibitors and members of the public were present in the exhibition area. By way of further answer, at the time of the events giving rise to plaintiff's Complaint, access to the convention area was restricted and was closed to the public. The convention was not scheduled to open until the following day, July 2, 2002.

24. Denied. It is specifically denied that plaintiff Douglass Pennoyer, Jr. was permitted to enter the area at issue in this litigation at any time relevant to plaintiff's Complaint.
Additionally, it is denied that plaintiff was given complimentary materials or purchased books and CDs from the exhibitors in the convention center area on July 1, 2002. In fact, as previously stated, the convention was not open to the public at that time.

25. Denied. It is specifically denied that plaintiff was lawfully and permissibly in the convention area at the Philadelphia Marriott at the time of the events that give rise to plaintiff's Complaint. It is further denied that plaintiff had any documentation or information to provide to Marriott security which would have established that plaintiff was in lawful custody of the materials in plaintiff's possession at the time he was questioned by Marriott security. In fact, plaintiff was provided with every opportunity to produce a witness or documentation to establish that he had purchased the materials at issue. Plaintiff produced nothing. Additionally, it is denied that plaintiff was unlawfully detained by Marriott defendants' security persons at any time relevant to plaintiff's Complaint. By way of further answer, Marriott's decision to approach plaintiff and question him was reasonable and necessary under the circumstances.

26. Admitted.

27. Admitted.

28. Admitted.

29. Denied. It is specifically denied that Marriott defendants, at any time relevant to plaintiff's Complaint, falsely, recklessly, maliciously and/or intentionally accused plaintiff of theft and trespass. By way of further answer, Marriott's decision to approach plaintiff and question him was reasonable and necessary under the circumstances.

30. Denied. It is specifically denied that, at any time relevant to plaintiff's Complaint, Marriott defendants' above-named security personnel forcibly and unlawfully detained and restrained plaintiff. By way of further answer, Marriott's actions concerning the events at issue in this matter were reasonable and necessary under the circumstances.

31. Denied. It is specifically denied that Marriott defendants in any way threatened plaintiff with force or did anything which could have placed plaintiff in reasonable apprehension of force or fear of the same

at any time relevant to plaintiff's Complaint.  It is also denied that plaintiff was, at any time relevant to this matter, deprived of his liberty or forced to remain on defendants' premises against his will by defendants.

32. Denied.  It is specifically denied that, at any time relevant to plaintiff's Complaint, Marriott defendants' personnel acted intentionally or confined plaintiff within boundaries fixed by them.

33. Denied.  It is specifically denied that defendants confined plaintiff at any time relevant to this matter.  The remaining allegations of this paragraph are denied and strict proof is demanded thereof.  To the extent that this paragraph contains conclusions of law, no response is required.

34. Denied.  It is specifically denied that plaintiff was in any way confined by Marriott defendants at the time of the events that give rise to plaintiff's Complaint.  To the extent that the allegations in this paragraph contain conclusions of law, no response is required.

35. Denied.  It is specifically denied that plaintiff was in any way confined by Marriott defendants at the time of the events that give rise to plaintiff's Complaint.  To the extent that this paragraph contains conclusions of law, no response is required.

36. Denied.  It is specifically denied that Marriott defendants, at any time relevant to plaintiff's Complaint, acted without probable cause or reasonable foundation.   In fact, Marriott's actions concerning the events at issue in this matter were reasonable and necessary under the circumstances.

37. Denied.  This paragraph contains conclusions of law to which no response is required.

38. Denied.  It is specifically denied that Marriott defendants refused to listen and/or permit plaintiff to explain the lawfulness of the materials in his possession.  To the contrary, Marriott defendants asked plaintiff to explain how he came to possess the materials, and the plaintiff provided inconsistent explanations for his possession of the materials, could not produce any documentation to establish that the materials were lawfully in his possession and did not identify a single person who could support his statements.

39. Denied. It is specifically denied that Marriott defendants' personnel did not act to determine the bona fide nature of plaintiff's possession. To the contrary, Marriott defendants asked plaintiff to explain how he came to possess the materials, and the plaintiff provided inconsistent explanations for his possession of the materials, could not produce any documentation to establish that the materials were lawfully in his possession and did not identify a single person who could support his statements.

40. Denied. This paragraph contains conclusions of law to which no response is required. By way of further answer and without waiver of these objections, it is specifically denied that Marriott defendants, at any time relevant to plaintiff's Complaint, acted unlawfully, recklessly, maliciously or intentionally. It is further denied that Marriott defendants made any false accusations with respect to the plaintiff. Additionally, it is specifically denied that Marriott defendants unlawfully imprisoned plaintiff at any time relevant to the Complaint. The remaining allegations of this paragraph are specifically denied at strict proof is demanded thereof.

41. Denied as stated. It is specifically denied that Marriott defendants, at any time relevant to plaintiff's Complaint, acted unlawfully, recklessly, maliciously or intentionally. It is further denied that the Marriott defendants arrested plaintiff and charged him with crimes. By way of further answer, Marriott did not arrest plaintiff nor did it have the authority or power to do so. While Marriott security did contact the Philadelphia Police when plaintiff failed to provide anything to establish his ownership of the convention materials, the Philadelphia Police opted to arrest plaintiff based upon their investigation.

42. Denied. It is specifically denied that Marriott defendants, at any time relevant to plaintiff's Complaint, acted unlawfully, recklessly, maliciously or intentionally. In fact, Marriott security's actions concerning the events at issue were reasonable and necessary under the circumstances. It is also denied that the Marriott defendants placed plaintiff in jail. In fact, Marriott security did not have the authority or power to

arrest plaintiff, charge him with crimes or place him in jail. The remaining allegations of this paragraph are specifically denied and strict proof is demanded thereof.

43. After reasonable investigation, Marriott defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 43 and therefore, can neither admit nor deny the same.

44. Denied as stated. This paragraph contains conclusions of law to which no response is required. By way of further answer without waiver of this objection, it is specifically denied that Marriott defendants, at any time relevant to plaintiff's Complaint, acted unlawfully, recklessly, maliciously or intentionally. It is further denied that Marriott defendants acted without probable cause at any time relevant to plaintiff's Complaint. Additionally, it is denied that Marriott defendants made any false and/or defamatory communications, or that Marriott defendants made any false statements in its communications at any time relevant to plaintiff's Complaint. The remaining allegations are specifically denied, and strict proof is demanded thereof.

45. Denied. It is specifically denied that Marriott defendants acted with malice at any time relevant to plaintiff's Complaint. It is further denied that Marriott defendants made any false, malicious, scandalous and/or defamatory communications at any time relevant to plaintiff's Complaint. Additionally, it is denied that Marriott defendants made any false statements in its communications. The remaining allegations are specifically denied, and strict proof is demanded thereof. To the extent that this paragraph contains conclusions of law, no response is required.

46. Denied. It is specifically denied that Marriott defendants made any false and/or defamatory communications at any time relevant to plaintiff's Complaint. Additionally, it is denied that Marriott defendants made any false statements in its communications to the plaintiff or the Philadelphia Police. The remaining allegations are specifically denied, and strict proof is demanded thereof.

47.     Denied. It is specifically denied that Marriott defendants made any false and/or defamatory communications at any time relevant to plaintiff's Complaint. Additionally, it is denied that Marriott defendants made any false statements in its communications to the plaintiff or the Philadelphia Police. The remaining allegations are specifically denied, and strict proof is demanded thereof.

48.     Denied. It is specifically denied that Marriott defendants made any false and/or defamatory communications at any time relevant to plaintiff's Complaint. Additionally, it is denied that Marriott defendants made any false statements in its communications to the plaintiff or the Philadelphia Police. By way of further answer, the convention was not open to the public at any time relevant to plaintiff's Complaint. The convention was not scheduled to open until the following day, July 2, 2002, and thus conventioneers were not present in the exhibit area, as plaintiff suggests. The remaining allegations are specifically denied, and strict proof is demanded thereof.

49.     Denied as stated. It is specifically denied that Marriott defendants, at any time relevant to plaintiff's Complaint, acted unlawfully, recklessly, maliciously or intentionally. It is also denied that defendants charged plaintiff with any crime. Marriott security did not have the authority or power to arrest plaintiff, charge him with a crime or place him in jail. It is admitted only that the Philadelphia Police opted to drop the charges they brought against plaintiff. Defendants do not have knowledge or information sufficient to form a belief as to whether plaintiff was guilty or not guilty of a crime. To the extent this paragraph contains conclusions of law, no response is required.

50.     Denied as stated. It is denied that defendants were in a position of authority as plaintiff describes. Marriott defendants did not have the authority or power to arrest plaintiff, charge him with a crime or place him in jail. Marriott security only has the authority to secure its own premises. The remaining allegations of this paragraph are specifically denied and strict proof is demanded thereof.

51. Denied. It is specifically denied that the questions raised by Marriott defendants were known to be, or should have been known to be, false and untrue. In fact, Marriott security's actions concerning the events at issue in this matter were reasonable and necessary under the circumstances. The remaining allegations of this paragraph and specifically denied and strict proof is demanded thereof.

52. Denied that defendants' actions, at any time relevant, were negligent, reckless, careless or malicious. It is also denied that the defendants acted intentionally or with reckless disregard. In fact, defendants' actions concerning the events at issue in this matter were reasonable and necessary under the circumstances. To the extent this paragraph contains conclusions of law, no response is required. The remaining allegations of this paragraph and specifically denied and strict proof is demanded thereof.

53. Denied. It is specifically denied that Marriott defendants, at any time relevant to plaintiff's Complaint, acted in an extreme or outrageous manner. The remaining allegations of this paragraph and specifically denied and strict proof is demanded thereof. To the extent that the allegations in this paragraph contain conclusions of law, no response is required.

## COUNT I - DEFAMATION
## PLAINTIFF vs. ALL DEFENDANTS

54. Marriott defendants incorporate by reference paragraphs 1 through 53 as though fully set forth herein.

55. Denied. It is specifically denied that Marriott defendants, at any time relevant to plaintiff's Complaint, acted negligently, recklessly, maliciously or intentionally. It is further denied that plaintiff's reputation was blackened as a result of any acts or omissions of Marriott defendants. To the extent this paragraph contains conclusions of law, no response is required.

56. Denied as stated. This paragraph contains conclusions of law to which no response is required. By way of further answer and without waiver of these objections, it is specifically denied that Marriott defendants, at any time relevant to plaintiff's Complaint, acted negligently, recklessly, maliciously or

intentionally. Further, it is denied that Marriott defendants made any false and/or defamatory statements or communications at any time relevant to plaintiff's Complaint. Additionally, it is denied that Marriott defendants made any false statements in its communications to the plaintiff or to the Philadelphia Police. The remaining allegations are specifically denied, and strict proof is demanded thereof.

57. Denied. It is specifically denied that Marriott defendants, at any time relevant to plaintiff's Complaint, acted negligently, recklessly, maliciously or intentionally. Further, it is denied that Marriott defendants, at any time relevant to plaintiff's Complaint, made any false statements regarding the plaintiff. In fact, Marriott's actions as they pertain to this matter were reasonable and necessary under the circumstances. The remaining allegations are specifically denied, and strict proof is demanded thereof.

58. Denied. It is specifically denied that Marriott defendants, at any time relevant to plaintiff's Complaint, made any false and/or defamatory statements regarding the plaintiff. The remaining allegations are specifically denied, and strict proof is demanded thereof. To the extent this paragraph contains conclusions of law, no response is required.

WHEREFORE, answering defendant demands judgment in its factor and against plaintiff.

**COUNT II - FALSE IMPRISONMENT**
**PLAINTIFF vs. ALL DEFENDANTS**

59. Marriott defendants incorporate by reference paragraphs 1 through 58 as though fully set forth herein.

60. Denied. It is specifically denied that Marriott defendants, at any time relevant to plaintiff's Complaint, acted negligently, recklessly, maliciously or intentionally. It is further denied that plaintiff was confined against his will and within boundaries fixed by Marriott defendants. To the extent this paragraph contains conclusions of law, no response is required.

61. Denied. This paragraph contains conclusions of law to which no response is required. By way of further answer and without waiver of this objection, it is denied that plaintiff was ever confined by

defendants. The remaining allegations of this paragraph are specifically denied and strict proof is demanded thereof.

62. Denied as stated. It is specifically denied that plaintiff was in any way confined by Marriott defendants at the time of the events that give rise to plaintiff's Complaint. The remaining allegations are specifically denied, and strict proof is demanded thereof. To the extent this paragraph contains conclusions of law, no response is required.

63. Denied. It is specifically denied that plaintiff was in any way confined by Marriott defendants at the time of the events that give rise to plaintiff's Complaint. It is further denied that Marriott defendants, in any way, engaged in the acts of physical force, duress and/or coercion at any time relevant to plaintiff's Complaint. To the extent this paragraph contains conclusions of law, no response is required.

64. Denied as stated. This paragraph contains conclusions of law to which no response is required. By way of further answer and without waiver of this objection, it is specifically denied that Marriott defendants, at any time relevant to plaintiff's Complaint, acted without probable cause or reasonable foundation. By way of further answer, Marriott defendants' actions, at all times relevant to the events at issue, were reasonable and necessary under the circumstances.

65. Denied as stated. It is specifically denied that Marriott defendants, at any time relevant to plaintiff's Complaint, acted negligently, recklessly, maliciously or intentionally. It is also denied that plaintiff's arrest resulted from anything but plaintiff's own actions. While Marriott security did contact the Philadelphia Police when plaintiff failed to provide anything to establish his ownership of convention materials or his right to be in the convention area one day before the convention opened to the public, the Philadelphia Police opted to arrest plaintiff based upon their investigation. In fact, Marriott security did not have the authority to arrest plaintiff, charge him with crimes or place him in jail.

66. Denied. This paragraph contains conclusions of law to which no response is required. By way of further answer and without waiver of this objection, the remaining allegations of this paragraph are specifically denied and strict proof is demanded thereof.

WHEREFORE, answering defendant demands judgment in its favor and against plaintiff.

## NEW MATTER DIRECTED TO PLAINTIFF

1. Plaintiff's Amended Complaint fails to state a cause of action upon which relief may be granted against the Marriott defendants.

2. Plaintiff's Complaint fails to set forth a valid claim of defamation against the Marriott defendants.

3. Plaintiff's Complaint fails to set forth a valid claim of false imprisonment against the Marriott defendants.

4. Plaintiff's claims are barred or limited by the applicable statute of limitations.

5. To the extent that plaintiff's Complaint sets forth allegations of negligence, plaintiff's claims are barred or limited by the terms and conditions of the Pennsylvania Comparative Negligence Act.

6. At no time did the Marriott defendants breach any duty owed to plaintiff.

7. Any communications of the Marriott defendants enjoyed a qualified privilege.

WHEREFORE, answering defendant demands judgment in its favor and against plaintiff.

        **MARSHALL, DENNEHEY, WARNER,**
        **COLEMAN & GOGGIN**


        BY:_____
          STEPHANIE K. RAWITT
          Attorney for Marriott Defendants

Dated:_____
\01_19\LIAB\SJS\LLPG\390229\SJS\13050\00612

## CERTIFICATE OF SERVICE

      I, Stephanie K. Rawitt, Esquire, do hereby certify that a true and correct copy of Defendants' Answer to Plaintiff's Complaint was served upon plaintiff's counsel by first class mail at the following address:

Peter C. Gardner, Esquire
525 Baird Road
Merion Station, PA  19066

 

                                                      STEPHANIE K. RAWITT

DATED:_____
\01_19\LIAB\SJS\LLPG\390229\SJS\13050\00612